# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JORGE LUIS ALICEA,

    Plaintiff,

v.                                            CASE NO. 8:18-cv-2457-T-26AEP

UNITED STATES OF AMERICA,

    Defendant.

_____/

## **O R D E R**

Plaintiff, proceedings *pro se*, has filed a timely Motion to Vacate pursuant to 28 U.S.C. § 2255. The Court has undertaken a prompt preliminary review of the motion, together with the record of Plaintiff's underlying criminal proceedings,[1] as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. After doing so, the Court concludes that the motion is due to be summarily dismissed without the need for a response from the Government or an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Plaintiff is entitled to no relief.

A federal grand jury returned a five-count indictment against Plaintiff, alleging in counts one through three that he distributed cocaine base and oxymorphone and in count

---

    [1] See case number 8:15cr520.

four that he possessed with intent to distribute oxymorphone, hydromorphone, and morphine. In count five the federal grand jury alleged he was a convicted felon who possessed a firearm affecting interstate commerce.[2] Plaintiff entered a plea of guilty to all five counts.[3] Prior to sentencing, the United States Probation Office submitted a final presentence investigation report which recommended that Plaintiff's base offense be fixed at a level 20 pursuant to USSG § 2K2.1(a)(4)(A) based on the fact that Plaintiff had committed the new offenses after being previously convicted of a controlled substance offense.[4] According to the report, Plaintiff was previously convicted in a New York state court for criminal sale of a controlled substance on school grounds.[5] Plaintiff's counsel objected to using this prior conviction to enhance the base offense level and maintained that the base offense level should be a level 14.[6]

At sentencing, Plaintiff's counsel maintained her objection which the Court overruled.[7] The Court ultimately sentenced Plaintiff to concurrent prison sentences of sixty (60) months followed by concurrent sentences of thirty six (36) months of supervised release, which represented a downward variance from the advisory guideline

---

[2] See id., docket 1.

[3] See id., dockets 35 and 55.

[4] See id., docket 42, paragraph 22.

[5] See id.

[6] See id., docket 42, Addendum to Presentence Report.

[7] See id., docket 50, pages 4-8.

range of seventy (70) to eighty-seven (87) months.[8] (The Court also imposed a consecutive sentence of one year and one day with regard to Plaintiff's violation of supervised release in case number 8:12-cr-68, which represented a downward variance from the recommended guideline range of eighteen (18) to twenty-four (24) months.[9]) On appeal, the Eleventh Circuit likewise rejected Plaintiff's counsel's argument that it was error for this Court to use a base offense level of 20 based on Plaintiff's prior New York conviction for criminal sale of a controlled substance.[10]

Plaintiff now seeks post-conviction relief from his sentence under the auspices of § 2255, raising two claims for relief: (1) the record is insufficient to establish that his prior conviction in New York was a drug trafficking offense and his trial counsel was somehow deficient in her argument that this offense should not have been used to enhance his base offense level; and (2) a rather puzzling contention that "Beckles v. United States, 137 S. Ct. 886 (2017) does not undermine the court's holding that the rule . . . of lenity applies to the sentencing guidelines." Both claims are wholly without merit.

With regard to the first claim, under Eleventh Circuit precedent, which in turn is informed by Supreme Court precedent, "[t]o prevail on his ineffective assistance of counsel claim, [Plaintiff] has the burden to show that: (1) his counsel's performance was

---

[8] See id., dockets 41 and 43.

[9] See id., docket 50, pages 9 and 22.

[10] See id., docket 48 (reported at United States v. Alicea, 875 F. 3d 606 (11th Cir. 2017)).

deficient; and (2) he suffered prejudice as a result of the deficient performance." Denson v. United States, 804 F.3d 1339, 1341 (11th Cir. 2015) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)).  In this case, Plaintiff has utterly failed to show that his counsel fell below an objective standard of reasonableness.  Denson, 804 F.3d at 1342 (citing Strickland).  The record conclusively and indisputably reflects that Plaintiff's counsel made a vigorous and spirited argument as to why Plaintiff's base offense level should not be enhanced by his prior New York drug conviction.  At bottom, Plaintiff's claim is nothing more than an attempt to dispute, under the guise of an ineffective assistance of counsel claim, an issue which was raised and rejected on direct appeal.  See Nyhuis v. United States, 211 F.3d 1340, 1343 (11th Cir. 2000) (observing that "[t]he district court is not required to reconsider claims of error that were raised and disposed of on direct appeal.") (citations omitted).  As to Plaintiff's second claim, it is nothing more than a recasting of his argument on direct appeal and in his first claim for relief that "his . . . prior convictions are repleated (sic) with ambiguity, his sentence was based on inaccurate information, and argues under the rule of lenity the matter must be resolved in his favor."

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate (Dkt. 1) is denied.  The Clerk is directed to enter judgement for the Defendant and to close this case.

The Court declines to issue a certificate of appealability because the Plaintiff has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court allow Plaintiff to appeal *in forma pauperis* because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Instead, Plaintiff shall be required to pay the full amount of the appellate filing fee pursuant to § 1915(b).

**DONE AND ORDERED** at Tampa, Florida, on October 9, 2018.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record
Plaintiff, *pro se*